# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**
**February 3, 2026**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**NATHAN LANHAM,**
**Petitioner Below, Petitioner**

**v.) No. 25-ICA-258** (W. Va. Dept. Homeland Security, Off. Admin. Hearings)

**LAW ENFORCEMENT PROFESSIONAL**
**STANDARDS SUBCOMMITTEE,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Nathan Lanham appeals the May 30, 2025, decision of the hearing examiner for the West Virginia Department of Homeland Security, Office of Administrative Hearings, which affirmed the decision of Respondent Law Enforcement Professional Standards Subcommittee ("LEPSS") to decertify Mr. Lanham's law enforcement certification. LEPSS filed a response.[1] Mr. Lanham filed a reply.

After considering the parties' arguments, the record on appeal, and the applicable law, we find that this Court lacks subject matter jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4(d)(8) (2024). For the reasons set forth below, a memorandum decision dismissing this appeal without prejudice is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Lanham was employed as the police chief for the Town of Monongah in Marion County, West Virginia. On August 1, 2024, Mr. Lanham initiated a traffic stop on a vehicle with expired tags. Mr. Lanham returned to his vehicle to run the driver's vehicle's plates. The driver left the scene and proceeded a short distance. Mr. Lanham engaged the driver, and an incident ensued, resulting in Mr. Lanham's resignation from his position, in lieu of termination.

---

[1] Mr. Lanham is represented by John F. Dascoli, Esq. LEPSS is represented by Attorney General John B. McCuskey, Esq., and Assistant Attorney General Katherine A. Campbell, Esq.

1

His resignation in lieu of termination triggered a review by LEPSS[2] of Mr. Lanham's law enforcement certification. As part of LEPSS' certification review process, Mr. Lanham presented witnesses and exhibits in support of his request to maintain his certification. In addition, LEPSS heard testimony from the West Virginia State Police officer who investigated the incident. In its January 31, 2025, position statement,[3] LEPSS decertified Mr. Lanham for violating West Virginia Code of State Regulations § 149-2-16.1.1 by engaging in "conduct or a pattern of conduct unbecoming to a law enforcement officer. . . that would tend to disrupt, diminish, or otherwise jeopardize public trust. . . in law enforcement."

Mr. Lanham appealed LEPSS' decision, and a hearing was held on March 25, 2025, before the designated hearing examiner for the West Virginia Department of Homeland Security, Office of Administrative Hearings. In the May 30, 2025, decision, the hearing examiner found that Mr. Lanham failed to prove that LEPSS' decision to decertify him was arbitrary or capricious. Further, the hearing examiner determined that Mr. Lanham's behavior during the incident demonstrated conduct or a pattern of conduct unbecoming to a law enforcement officer. The hearing examiner's decision was not reviewed by an agency director or approved as a final decision by an agency director. This appeal of the May 30, 2025, decision followed.

We review a contested case from the West Virginia Department of Homeland Security, Office of Administrative Hearings as follows:

> The court may affirm the order or decision of the agency or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the agency if the substantial rights of the petitioner or petitioners have been prejudiced because the administrative findings, inferences, conclusions, decision, or order are:
>
> (1) In violation of constitutional or statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the agency;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;
> (5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or

---

[2] LEPSS is a subcommittee of the Governor's Committee on Crime, Delinquency and Correction. W. Va. Code § 30-29-2(a).

[3] The LEPSS position statement is dated November 25, 2024. However, it appears to be undisputed that Mr. Lanham did not receive the statement until January 31, 2025.

(6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

W. Va. Code § 29A-5-4(g) (2021) (specifying the standard for appellate review of administrative appeals); *see* W. Va. Code R. 149-1-12 (providing that final decisions of the Governor's Committee on Crime, Delinquency and Correction are appealable under W. Va. Code § 29A-5-4). With these standards in mind, we address the parties' arguments.

On appeal, Mr. Lanham raises five assignments of error. However, we find that his argument that the hearing examiner's May 30, 2025, decision is not a final order is dispositive of this appeal.

Mr. Lanham contends that the hearing examiner is not authorized to issue final decisions without review by the agency director.[4] We agree. In law enforcement decertification matters, the Executive Director of the Governor's Committee on Crime, Delinquency and Correction has authority to enter final orders and decisions, not hearing examiners. *See* W. Va. Code R. § 149-1-8 (hearing examiner is empowered to request and examine witnesses under oath, rule on evidentiary questions, to hold settlement and status conferences and otherwise conduct hearings but not to issue final decisions); *see also* W. Va. Code R. § 149-1-11 (providing that "[e]very final order entered by the Director" must comport with West Virginia Code § 29A-5-3);[5] *Thorton v. Ward*, 242 W. Va. 104, 114, 829 S.E.2d 592, 602 (2019) (acknowledging the process of the agency director reviewing, affirming, modifying, and/or rejecting the proposed findings of the appointed hearing examiner in police licensing cases). Based on the parties' agreement and the controlling authority, we find that the hearing examiner's May 30, 2025, order was not a final order in this matter.

This Court has appellate jurisdiction over "[f]inal judgments, orders, or decisions of an agency or an administrative law judge entered after June 30, 2022, heretofore appealable to the Circuit Court of Kanawha County pursuant to § 29A-5-4 or any other provision of this code." W. Va. Code § 51-11-4(b)(4) (2024). However, subject to limited exceptions inapplicable to this matter, this Court does not have appellate jurisdiction over interlocutory appeals. *See* W. Va. Code § 51-11-4(d)(8); Syl. Pt. 6, *Aaron W. v. Evelyn W.*, 251 W. Va. 1, 909 S.E.2d 36 (2024) (citing W. Va. Code § 51-11-4(d)(8)) ("The Intermediate Court of

---

[4] In its response brief, LEPSS agrees with Mr. Lanham's position and concedes that the Executive Director did not enter a final order in this matter.

[5] West Virginia Code of State Rules § 149-1-11 also provides that "[s]uch orders shall be entered within forty-five (45) days following the submission of all documents and materials necessary for the proper disposition of the case, including transcripts and proposed finding of fact and conclusions of law."

Appeals of West Virginia generally does not have appellate jurisdiction over interlocutory appeals."). In this case, as the hearing examiner's May 30, 2025, was not a final order, we find that this is an interlocutory appeal, and that this court lacks subject matter jurisdiction over this appeal. Accordingly, we must dismiss.

For the foregoing reasons, we dismiss this appeal of the hearing examiner's May 30, 2025, decision[6] without prejudice to Mr. Lanham's right to appeal the properly rendered final decision of the Executive Director of the Governor's Committee on Crime, Delinquency and Correction.

Dismissed Without Prejudice.

**ISSUED:** February 3, 2026

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Charles O. Lorensen
Judge S. Ryan White

---

[6] As we dismiss this matter for lack of subject matter jurisdiction, we cannot address the merits of any of Mr. Lanham's other assignments of error, including those alleging procedural deficiencies in the hearing examiner's decision. However, we recognize that LEPSS concedes that the hearing examiner's decision does not meet West Virginia Code § 29A-5-3's requirement that the final decision of an agency include a ruling on each proposed finding submitted by a party. Given this recognition, it would be most expeditious for the Executive Director to remedy this deficiency in the final order entered in this matter before any appeal to this Court.